J-S26044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENT ELI MORRIS | : | |
| | : | |
| Appellant | : | No. 2506 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 15, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002862-2022

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED NOVEMBER 02, 2023**

Brent Eli Morris appeals the judgment of sentence. He pleaded guilty under the Pennsylvania Race Horse Development and Gaming Act to unlawful taking/claiming/manipulating with intent to defraud/cheat.[1] Counsel has filed a petition to withdraw and an ***Anders*** brief.[2] We affirm and grant counsel's petition to withdraw.

Morris entered a negotiated guilty plea to the above-referenced offense on September 15, 2022. ***See*** Guilty Plea Statement, filed 9/15/22. The court imposed the agreed-upon sentence of nine to 23 months' incarceration followed by one year reporting probation. ***See*** Certificate of Imposition of Sentence, filed 9/15/22. It also imposed restitution in the amount of $4,000

_____

[1] 4 Pa.C.S.A. § 1518(a)(17).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

and ordered Morris to stay away from Harrah's Casino. **See id.** This timely appeal followed.

As stated above, Morris's counsel has filed an **Anders** brief and Application to Withdraw as Counsel. "When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Prior to withdrawing pursuant **Anders**, counsel must file a brief that meets the requirements of **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel must provide his client with a copy of the **Anders** brief. Counsel must also advise the client of the client's right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d

877, 880 (Pa.Super. 2014) (citation omitted). If counsel has satisfied these requirements, this Court must then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (citation omitted) (emphasis removed).

Here, in the *Anders* brief, counsel provides a procedural and factual history of the case, with citations to the record, discusses the issues arguably supporting the appeal, and explains why counsel concludes those issues are frivolous. *Anders* Br. at 3-15. Counsel's letter to Morris states that he enclosed a copy of the *Anders* brief and advises him of his right to retain new counsel or act on his own behalf and raise additional points before this Court. Morris did not submit a response to the *Anders* brief. Counsel has met *Santiago*'s requirements. We therefore turn to whether the appeal is, as counsel alleges, wholly frivolous.

Counsel lists two issues in the *Anders* brief:

> 1. Whether the sentence of restitution should be vacated as the restitution amount ordered was not supported by the record[;]
>
> 2. Whether plea counsel was ineffective in failing to provide adequate information and advi[c]e regarding the impact of [Morris's] guilty plea on an out-of-state detainer[.]

*Anders* Br. at 2.

The first issue challenges the court's imposition of restitution. He alleges that there was no evidence supporting the amount ordered by the court. Such a claim challenges the discretionary aspects of sentence. *See*

*Commonwealth v. Weir*, 239 A.3d 25, 38 (Pa. 2020). Before reviewing the merits of a challenge to the discretionary aspects of sentence, this Court must first determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code*."* *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019).

Here, the second prong is unmet. Morris did not file a post-sentence motion raising this discretionary sentencing issue. Therefore, he did not preserve it for appeal. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) (stating claims challenging discretionary aspects of sentence must be raised in post-sentence motion or at sentencing, and the failure to do so results in waiver). This sentencing claim is therefore waived and wholly frivolous for direct appeal.

The ineffectiveness claim is also frivolous at this stage. Generally, a criminal defendant cannot litigate ineffectiveness claims on direct appeal. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), *overruled in part on other grounds*, *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) (holding that Post Conviction Relief Act ("PCRA") petitioners "may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").

- 4 -

There are exceptions to the general rule: (1) in extraordinary circumstances where claims of trial counsel's ineffectiveness are apparent from the record and immediate consideration best serves the interests of justice; and (2) where there is good cause shown and unitary review of the claim is preceded by a waiver of the right to seek review under the PCRA. **Commonwealth v. Holmes**, 79 A.3d 562, 563-64 (Pa. 2013). A third exception requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018).

None of these exceptions apply here. We therefore cannot review the ineffectiveness claim on direct appeal. We have reviewed the record and have found no non-frivolous claims for appeal. We therefore grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/2/2023